PeaesoN, J.
 

 The plea of “former judgment” contains an averment, that it was for the same cause of action and between the same parties. The judgment relied on to support the plea in this case, assuming it to- be for the same cause of action, is against Perkins alone; so the averment, that it was between the same parties, is not proven.
 

 A judgment against one of the obligors, in a joint and several bond, is no bar to an action against another obligor, and the obligee is at liberty to go on and take judgments against all of the obligors.
 

 Perhaps the defendant, Perkins, might have supported a several plea of “ former judgment ” against him; but here, the plea is joint, and the former judgment was not between the same parties.
 

 “Accord and satisfaction ” differs from the plea of “former judgment” in this: the one avers a former judgment, between the same parties for the same cause of action, and relies on that fact as an estoppel of record; the other avers a judgment for the same cause of action, and that the judgment has been fully paid off and discharged, whereby the cause of action has been
 
 exti/nguished
 
 without reference to the parties.
 

 Whether upon the trial of the issue, taken upon the plea of “accord and satisfaction,” the plaintiff was not at liberty to show that the cause of action, or breach assigned in the former suit, was for monies received, whereas the breach, now assigned, was for negelect on the part of the guardian to keep the plantation of the ward in repair, we are not now at liberty to decide ; because as there was error in regard to the first point,
 
 *219
 
 the plaintiff is, on that ground, entitled to a
 
 vmvre de novo,
 
 and a decision of the second is not called for.
 

 Pee CueiaM. Judgment reversed.